IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Case No. 16-cv-01525-CMA
Criminal Case No. 10-cr-00183-CMA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GREGG PIERRE LABADIE,

    Defendant-Movant.

## ORDER DENYING DEFENDANT'S MOTION TO VACATE AND GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

This matter comes before the Court upon Defendant Gregg Labadie's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Section 2255") (Doc. # 27) and his Motion for Reconsideration of the Court's Order Denying his Motion to Withdraw as Counsel (Doc. # 36). For the following reasons, the Court DENIES Mr. Labadie's Motion to Vacate Sentence Pursuant to Section 2255 (Doc. # 27), GRANTS his Motion for Reconsideration (Doc. # 36), VACATES its April 26, 2018 Order Denying the Motion to Withdraw as Counsel (Doc. # 35), and GRANTS the Motion to Withdraw as Attorney (Doc. # 34).

### I.     BACKGROUND

On July 7, 2010, Mr. Labadie pleaded guilty to one count of armed bank robbery,

in violation of 18 U.S.C. § 2113, and one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), where the crime of violence was the aforementioned armed bank robbery. (Doc. # 15 at 2–3.) As a result of Mr. Labadie's conviction under Section 924(c), for brandishing a firearm during a crime of violence, this Court imposed the statutory mandatory minimum sentence of imprisonment of seven years (84 months). *See* (Doc. # 25.) Mr. Labadie was therefore sentenced to a total term of 117 months. (*Id.*)

On June 20, 2016, Mr. Labadie, represented by the Federal Public Defender, filed the instant Motion to Vacate Sentence Pursuant to Section 2255, asserting that he is entitled to relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. (Doc. # 27.) The Armed Career Criminal Act required a sentencing increase where a defendant had three prior drug crimes or violent felonies, and its residual clause defined "violent felony" to include any offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Mr. Labadie argues that the unconstitutional residual clause at issue in *Johnson* is the same as the residual clause found in Section 924(c)(3)(B). (Doc. # 27.)

For purposes of 18 U.S.C. § 924(c)(1), the term "crime of violence" has two definitions. First, 18 U.S.C. § 924(c)(3)(A)—the "elements" clause—includes in the definition any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Second, 18 U.S.C. § 924(c)(3)(B)—the "residual" clause—includes in the definition any felony "that by its

2

nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Wade*, 719 F. App'x 822, 825–26 (10th Cir. 2017).

First, Mr. Labadie asserts that federal bank robbery does not qualify as a crime of violence under the elements clause in Section 924(c)(3)(A). (*Id.* at 2–8.) He therefore reasons that his Section 924(c) conviction is based on that statute's residual clause (Section 924(c)(3)(B)). Second, Mr. Labadie contends that *Johnson* invalidates Section 924(c)(3)(B)'s residual clause as unconstitutionally vague. (*Id.* at 8–11.) He therefore asks the Court to vacate his conviction under Section 924(c). (*Id.* at 11.)

The Government responded to Mr. Labadie's Motion to Vacate Sentence Pursuant to Section 2255 on August 30, 2016. (Doc. # 30.) Mr. Labadie replied in support of his Motion on September 29, 2016. (Doc. # 31.)

## II.     DEFENDANT'S MOTION TO VACATE

Mr. Labadie's argument can be summarized as follows:

1. Armed bank robbery is not a "crime of violence" as that term is defined in the elements clause in  Section 924(c)(3)(A);

2. Thus, his conviction for brandishing a firearm in furtherance of a crime of violence was necessarily based on the residual clause contained in Section 924(c)(3)(B);

3.  The residual clause was invalidated by the Supreme Court's 2015 decision in *Johnson*; and

4. Therefore, his conviction under the residual clause is in violation of *Johnson*

and must be vacated because it violates his due process rights. (Doc. # 27 at 2–11.)

The Court addresses whether armed bank robbery is a predicate offense. Mr. Labadie's argument that that armed bank robbery is not a predicate offense under the elements clause in Section 924(c) fails in light of the Tenth Circuit's recent decision in *United States v. Ontiveros*, 875 F.3d 533 (10th Cir. 2017) (overruling *United States v. Rodriguez-Enriquez*, 518 F.3d 1191,1194 (10th Cir. 2008)). *Ontiveros* held that any offense that requires a defendant to cause, attempt to cause, or threaten to cause physical pain or injury qualifies as a violent felony predicate offense. 875 F.3d at 538. The assumption on which Mr. Labadie's argument rests—that the elements clause of Section 924(c)(3)(A) does not apply to his predicate offense of armed bank robbery—is without merit subsequent to *Ontiveros*. *See United States v. Higley*, 726 F. App'x 715, 717 (10th Cir. 2018) (holding that [defendant's] "conviction for armed bank robbery nonetheless constitutes a 'crime of violence' under the alternate, elements-based definition in § 924(c)(3)(A).").

Further, because Mr. Labadie's conviction is a "crime of violence" under Section 924(c)(3)(A), the Court does not need to address the unconstitutional residual clause found in Section 924(c)(3)(B). *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (finding "Section 924(c)(3)(B) is . . . unconstitutionally vague.").

Mr. Labadie therefore has no claim to habeas relief based on *Johnson*. Accordingly, the Court denies his Motion to Vacate Sentence Pursuant to Section 2255. (Doc. # 27.)

## I. CONCLUSION

For these reasons, the Court ORDERS as follows:

1. Defendant's Motion to Vacate Sentence Pursuant to Section 2255 (Doc. # 27) is DENIED.

2. Defendant's Motion for Reconsideration (Doc. # 36) is GRANTED.

3. The April 26, 2018 Order Denying the Motion to Withdraw as Counsel (Doc. # 35) is VACATED.

4. The Court GRANTS Defendant's Motion to Withdraw as Attorney (Doc. # 34).


DATED: October 2, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge